UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANDREW MARCHESE,
       Plaintiff,

v.                                        Civ. No. 3:11cv337 (PCD)

MARCHANT LADDER, INC.;
OESCO, INC.,
       Defendants.

## RULING ON DEFENDANTS' MOTIONS TO DISMISS

The Defendants, Marchant Ladder, Inc. ("Marchant") and OESCO, Inc. ("OESCO"), have filed separate motions to dismiss, pursuant to Rule 12 of the Federal Rules of Civil Procedure, the complaint of the Plaintiff, Andrew Marchese. For the reasons stated herein, both Marchant's amended motion to dismiss [Doc. No. 19] and OESCO's motion to dismiss [Doc. No. 18] are **granted**. In consequence of the decision on Marchant's amended motion to dismiss, Marchant's original motion to dismiss [Doc. No. 16] is **denied as moot**.

### I.    BACKGROUND

Taking the Plaintiff's factual allegations as true and drawing reasonable inferences in his favor, see Woods v. Empire Health Choice, Inc., 574 F.3d 92, 96 (2d Cir. 2009), he alleges the following. On or about January 26, 2008, the Plaintiff was using a ladder manufactured by Marchant and sold to him by OESCO. (Compl. ¶ 2.)[1] As a result of a defect, the ladder collapsed, resulting in injury to the Plaintiff's wrist. Id. ¶¶ 3-4, 14, 39.[2] The Plaintiff has

---

[1] The Plaintiff's complaint does not specify which defendant manufactured the ladder and which sold it, but the Joint Report of Rule 26(f) Planning Meeting (Joint Report) [Doc. No. 11] does. (Joint Report at 2-3.)

[2] The Plaintiff's complaint contains two counts, one each against Marchant and OESCO, each numbering its constituent paragraphs from 1 to 25. For clarity, this ruling refers to paragraphs 1-25 of Count Two, against OESCO, as paragraphs 26-50 of the complaint.

expended significant sums for ongoing medical treatment, suffered time away from employment and a decline in his future earning capacity, and continues to endure pain. Id. ¶¶ 5-9.

The Plaintiff filed a complaint in Connecticut Superior Court asserting violations of the Connecticut Product Liability Act, Conn. Gen. Stat. Ann. § 52-572m (West 2011), against both Marchant and OESCO. (Compl. ¶¶ 11-25, 36-50.) The complaint asserted, against both Marchant and OESCO, a number of theories of liability within the ambit of Conn. Gen. Stat. Ann. § 52-572m(b), including design defects, manufacturing defects, inadequate warnings, inadequate testing, inadequate safety measures, breach of express warranty, and breach of the implied warranty of merchantability. Id. The Plaintiff also sought punitive damages as allowed by Conn. Gen. Stat. Ann. § 52-240b. Id. ¶¶ 25, 50.

Supplemental returns filed with the State court disclose that OESCO was served with process by U.S. Mail on January 28, 2011, (OESCO Mot. to Dismiss, Ex. A), and that Marchant was served with process by U.S. mail on February 2, 2011, (Marchant Amended Mot. to Dismiss, Ex. E). Although both supplemental returns bear the attestation of a Connecticut State Marshal of the date he received the certified return receipt from the delivery to each of the Defendants, neither supplemental return contains the State Marshal's attestation or endorsement as to the date the Plaintiff delivered the process to the State Marshal. (OESCO Mot. to Dismiss, Ex. A; Marchant Amended Mot. to Dismiss, Ex. E.)

On March 3, 2011, Marchant filed a Notice of Removal [Doc. No. 1] invoking this Court's diversity jurisdiction. See 28 U.S.C. § 1332(a) (2006). The parties held a Rule 26(f) planning meeting on April 5, 2011. The Joint Report of that meeting, in a section approved and adopted by this Court, states "[p]ersonal jurisdiction is not contested." (Joint Report at 2.) Counsel for both Marchant and OESCO signed the Joint Report submission. Id. at 8.

Marchant timely moved to dismiss on May 26, 2011, citing insufficient service of process and commencement of the action beyond the three-year statute of limitations for product liability claims, Conn. Gen. Stat. Ann. § 52-577a(a). OESCO followed suit on May 31, 2011, citing the same grounds and casting its statute of limitations argument in terms of subject matter jurisdiction. Marchant filed an amended motion to dismiss on June 2, 2011, in which it also raised the statute of limitations defense as implicating subject matter jurisdiction. Although responses were due within twenty-one days, see D. Conn. L. Civ. R. 7(a), the plaintiff has neither filed responses nor moved for extensions of time.

## II.  STANDARD

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "is merely to assess the legal feasibility of the complaint, not to assay the weight of evidence which might be offered in support thereof." Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)). In ruling on a motion under Rule 12(b)(6), the court may consider only "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." McCarthy v. Dun & Bradstreet Corp, 482 F.3d 184, 191 (2d Cir. 2007). The court may also consider public records, such as documents filed in related State court actions. See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004) (Blue Tree).

The district court may dismiss a claim under Rule 12(b)(6) only if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a

probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

For the purposes of a motion to dismiss, the court must take all of the factual allegations in the complaint as true. However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Although detailed factual allegations are not required, a plaintiff must provide the grounds of its entitlement to relief beyond mere "labels and conclusions." Bell Atlantic, 550 U.S. at 555.

Finally, commencement of an action beyond the statute of limitations "may be raised in a motion to dismiss if the running of the statute is apparent from the face of the complaint." Velez v. New London, 903 F. Supp. 286, 289 (D. Conn. 1995) (quoting Ledesma v. Jack Stewart Produce, Inc., 816 F.2d 482, 484 n.1 (9th Cir. 1987)).

### III.    DISCUSSION

1.    Failure to oppose. "Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion." D. Conn. L. Civ. R. 7(a). The Plaintiff has failed to respond at all to Marchant's or OESCO's motions to dismiss and has not moved for an extension of time to do so. Accordingly, this Court will conduct a "full review of the pleadings and defendant[s'] memorand[a] of law" to determine whether such sufficient grounds to deny the motions exist. See Chance v. DeFilippo, 361 F. Supp. 2d 21, 22 (D. Conn. 2005).

2.    Subject matter jurisdiction. Failure to commence a products liability action pursuant to Conn. Gen. Stat. Ann. § 52-572m within the three-year limitations period defined by Conn. Gen. Stat. Ann. § 52-577a(a) does not deprive a Connecticut court of subject matter

jurisdiction over the claim. Barringer v. Whole Foods Market, Inc., 2011 WL 3586812 (Conn. Super. July 14, 2011) (citing Lostritto v. Community Action Agency of New Haven, Inc., 848 A.2d 418, 434 (Conn. 2004)). This result accords with the interpretation of the Connecticut Supreme Court, see Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509, 525-26 (1989), and Courts in this District, see Kelley v. Goodyear Tire & Rubber Co., 700 F. Supp. 91, 93 (D. Conn. 1987), that Conn. Gen. Stat. Ann. § 52-577a(a) is procedural in nature. Accordingly, although Marchant and OESCO properly raise statute of limitations arguments in their respective motions to dismiss, the argument does not address itself to this Court's subject matter jurisdiction. In the absence of a challenge to diversity of citizenship or the amount in controversy, this Court concludes that it has subject matter jurisdiction.

3. Personal jurisdiction. Both Marchant and OESCO assert that defective service of process deprives this Court of personal jurisdiction over them. Without judging the sufficiency of service, the Court considers the defense waived by (1) Marchant's and OESCO's participation in the April 5, 2011, Rule 26(f) planning meeting, and (2) Marchant's and OESCO's April 15, 2011 filing of the Report of the Rule 26(f) planning meeting [Doc. No. 11], in which Marchant and OESCO expressly represented that neither contested personal jurisdiction. See Datskow v. Teledyne, Inc. Continental Products Div., 899 F.2d 1298, 1303 (2d Cir. 1990) (holding that defendant forfeited personal jurisdiction defense by participating in pretrial conference to schedule discovery and motions).

4. Statute of limitations. Notwithstanding that this Court has subject matter jurisdiction over this action and personal jurisdiction over both Marchant and OESCO, the motions to dismiss will be granted because this action is time-barred.

In this diversity matter, the State statute of limitations applies. Giordano v. Market

America, Inc., 599 F.3d 87, 94 (2d Cir. 2010). Connecticut product liability claims must be brought within three years of the claimed injury. Conn. Gen. Stat. Ann. § 52-577a(a). The question is properly presented by the motion to dismiss. Nyenhuis v. Metropolitan Dist. Comm'n, 604 F. Supp. 2d 377, 380-383 (D. Conn. 2009).

Here, the Plaintiff has alleged that his injuries occurred on or about January 26, 2008. (Compl. ¶ 2.) Accordingly, his action is timely only if brought on or before January 26, 2011. See id.

Connecticut law considers a suit "brought" on the date of service of process upon the defendant. Consolidated Motor Lines, Inc. v. M & M Transp. Co., 20 A.2d 621, 622 (Conn. 1941). Federal courts applying Connecticut statutes of limitations adhere to this rule. Converse v. General Motors Corp., 893 F.2d 513, 515-516 (2d Cir. 1990). By statute, Connecticut permits a limited exception to this rule where "[1] . . . the process to be served is personally delivered to a state marshal, constable or other proper officer within [the applicable statute of limitations] and the process is served, as provided by law, within thirty days of the delivery . . . [and] . . . [2] . . . the officer making service . . . endorse[s] under oath on such officer's return the date of delivery of the process to such officer for service in accordance with this section." Conn. Gen. Stat. Ann. § 52-593a(a)-(b).

Here, the State court summons is dated January 22, 2011, and the Plaintiff's complaint is dated January 23, 2011. (See Notice of Removal, Ex. A.) But the supplemental returns disclose that neither defendant was served with process until after January 26, 2011.[3] (See OESCO Mot. to Dismiss, Ex. A; Marchant Amended Mot. to Dismiss, Ex. E.) Neither supplemental return

---

[3] Both supplemental returns, as documents filed with the State court, are properly considered at the motion to dismiss stage without converting the motion into one for summary judgment. See Blue Tree, 369 F.3d at 217.

bears the date upon which the Plaintiff delivered the process to the State Marshal or the Marshal's attestation that he received the process on or before January 26, 2011. (See OESCO Mot. to Dismiss, Ex. A; Marchant Amended Mot. to Dismiss, Ex. E.) Accordingly, the Plaintiff did not bring his action within the applicable statute of limitations, and his commencement of the action does not conform to the limited exception in Conn. Gen. Stat. Ann. § 52-593a. Sufficient grounds to deny the Defendants' motions therefore do not exist, and dismissal is warranted.

## IV.   CONCLUSION

For the reasons stated herein, both Marchant's amended motion to dismiss [Doc. No. 19] and OESCO's motion to dismiss [Doc. No. 18] are **granted**. In consequence of the decision on Marchant's amended motion to dismiss, Marchant's original motion to dismiss [Doc. No. 16] is **denied as moot**. The Clerk is directed to close this case.

SO ORDERED.

Dated at New Haven, Connecticut, September 22, 2011

/s/ Peter C. Dorsey, SUSD.I
_____
Peter C. Dorsey, U.S. District Judge
United States District Court